UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUK RUNG TSANG,

          Petitioner,

                                              Case No. 05-CV-74166
vs.                                   Crim. No. 00-CR-80541
                                              HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

          Respondent.

_____/

ORDER DISMISSING § 2255 PETITION (#37) AND
DENYING CERTIFICATE OF APPEALABILITY

      Petitioner Yuk Rung Tsang filed a 28 U.S.C. § 2255 motion on November 1, 2005 seeking relief from his June 10, 2002 sentence of 360 months imprisonment and eight years supervised release following his jury trial conviction for conspiracy to distribute more than 100 grams of heroin. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

      Petitioner Tsang moves for relief under § 2255 challenging the jury's verdict and the evidence used to support that verdict, specifically, the jury's verdict that petitioner conspired to distribute more than 100 grams of heroin. Tsang candidly admits in his petition that he raised these same issues in his unsuccessful direct appeal. In a previous motion for post-conviction and post-appeal relief, this court likewise rejected these same arguments in a

2:00-cr-80541-GCS   Doc # 317   Filed 12/01/05   Pg 2 of 3   Pg ID 463

March 30, 2005 Order denying petitioner's "motion for crime time determination" and motion to compel discovery:

> Defendant's challenges to the jury verdict, that defendant possessed more than 100 grams of heroin, when defendant was in fact charged with conspiracy to distribute more than 1 kilogram of heroin, were thoroughly reviewed and rejected by the Sixth Circuit Court of Appeals. [United States v. Tsang, No. 02-1776, 96 Fed. Appx. 318, 2004 WL 874783 at **2 (6th Cir. 2004)].  Indeed, the Sixth Circuit explained to defendant:
>
> > [T]he Supreme Court has recognized that "juries [may] acquit out of compassion or compromise or because of 'their assumption of power which they had no right to exercise, but which they disposed through lenity.'" Standefer v. United States, 447 U.S. 10, 22 [ ](1980) (quoting Dunn v. United States, 284 U.S. 390, 393 [ ] (1932)).  For these reasons, courts do not allow inquiry into jurors' deliberations or the reasons for the verdicts they collectively reach. United States v. Powell, 469 U.S. 57, 68-69 [ ] (1984); United States v. Meyers, 646 F.2d 1142, 1145 (6th Cir. 1981).  Moreover, a jury verdict will not be reversed simply because it is inconsistent or because the jury acquitted a defendant of a predicate offense. United States v. Samuels, 308 F.3d 662, 669 (6th Cir. 2002), cert. denied, 537 U.S. 1225 [ ] (2003).
>
> Id. at **2.  Defendant's current motions seeking to inquire into his jury's deliberations, or this court's assessment of the jury's deliberations, are unauthorized by law, and at best, are simply moot.

March 30, 2005 Order, at 2-3.  Petitioner's now latest request for an evidentiary hearing to inquire into the unanimity of the jury's verdict based on "new evidence" is wholly without merit, as has been repeatedly explained to petitioner.  As argued by the government, petitioner's attempt to still again relitigate the same issues in a § 2255 motion fails as a matter of law, particularly in the absence of extraordinary circumstances.  See Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999) ("It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law") (citing

2

Oliver v. United States, 90 F.3d 177, 180 (6th Cir.1996) and Davis v. United States, 417

U.S. 333, 345 (1974)).  Accordingly,

      Yuk Rung Tsang's petition for relief under § 2255 is hereby DENIED, and his petition

is hereby DISMISSED.  Before petitioner may appeal this court's decision, a certificate of

appealability must issue.  28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial

of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner has made no such showing.

Accordingly, a certificate of appealability is also hereby DENIED.

      SO ORDERED.


                    s/George Caram Steeh_____
                    GEORGE CARAM STEEH
                    UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 1, 2005, by
electronic and/or ordinary mail.


                    s/Josephine Chaffee_____
                    Secretary/Deputy Clerk