UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      CASE NO. 00-CR-80541
                                          HON. GEORGE CARAM STEEH

YUK RUNG TSANG,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION (# 340) TO SET ASIDE PROTECTIVE ORDER (# 333)

Defendant Yuk Rung Tsang moves to set aside this court's July 5, 2007 Order restraining under penalty of contempt Tsang, William Anthony Digilio, or any of their associates, friends or family members from having any contact with the jurors, including the family members of the respective jurors, that were involved in the matter of United States v. Yuk Rung Tsang et al., Case No. 00-80541. Tsang's attempts to contact jurors for the purpose of challenging his jury trial conviction for conspiracy to distribute more than 100 grams of heroin have been repeatedly rejected by this court and the Sixth Circuit, as explained in this court's December 1, 2005 Order dismissing Tsang's 28 U.S.C. § 2255 motion for relief from his 360 month sentence:

> Defendant's challenges to the jury verdict, that defendant possessed more than 100 grams of heroin, when defendant was in fact charged with conspiracy to distribute more than 1 kilogram of heroin, were thoroughly reviewed and rejected by the Sixth Circuit Court of Appeals. [United States v. Tsang, No. 02-1776, 96 Fed. Appx. 318, 2004 WL 874783 at **2 (6th Cir. 2004)]. Indeed, the Sixth Circuit explained to defendant:

> [T]he Supreme Court has recognized that "juries [may] acquit out of compassion or compromise or because of 'their assumption of power which they had no right to exercise, but which they disposed through lenity.'" <u>Standefer v. United States</u>, 447 U.S. 10, 22 [ ](1980) (quoting <u>Dunn v. United States</u>, 284 U.S. 390, 393 [ ] (1932)). For these reasons, courts do not allow inquiry into jurors' deliberations or the reasons for the verdicts they collectively reach. <u>United States v. Powell</u>, 469 U.S. 57, 68-69 [ ] (1984); <u>United States v. Meyers</u>, 646 F.2d 1142, 1145 (6th Cir. 1981). Moreover, a jury verdict will not be reversed simply because it is inconsistent or because the jury acquitted a defendant of a predicate offense. <u>United States v. Samuels</u>, 308 F.3d 662, 669 (6th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1225 [ ] (2003).
>
> <u>Id</u>. at **2. Defendant's current motions seeking to inquire into his jury's deliberations, or this court's assessment of the jury's deliberations, are unauthorized by law, and at best, are simply moot.

December 1, 2005 Order, at 2 (quoting March 30, 2005 Order, at 2-3). Tsang's instant motion to set aside the July 5, 2007 Protective Order based on "newly discovered" evidence and purported Fifth Amendment violations are, and remain, wholly without merit. Accordingly,

Defendant Tsang's motion to set aside the July 5, 2007 Order is hereby DENIED.

SO ORDERED.

Dated: June 3, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 3, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk